NATIONAL HOME LIFE ASSURANCE COMPANY, Petitioner v.
JOHN RANDOLPH INGRAM, Commissioner of Insurance for the
State of North Carolina, Respondent

No. 7410SC385

(Filed 5 June 1974)

**Appeal and Error § 6— appeal from interlocutory order**
    Purported appeal from an interlocutory order not affecting a sub-
stantial right of respondent appellant is dismissed as premature. G.S.
7A-27(d).

APPEAL by respondent from *Bailey, Judge,* 21 December
1973 Session of Superior Court held in WAKE County.

On 27 November 1973 the petitioner, National Home Life
Assurance Company (National), filed a petition in the Superior
Court in Wake County against the respondent, who is the Com-
missioner of Insurance for the State of North Carolina (Com-
missioner). In this petition, National in substance alleged:

National is a corporation incorporated under the laws of
Missouri and licensed to write insurance in the State of North
Carolina, but is not actually doing business in North Carolina.
National was licensed by the North Carolina Insurance Depart-
ment continuously for several years prior to 1971, and prior to
30 September 1971 National was marketing both accident and
health insurance and life insurance in North Carolina as well
as in nearly all other states in the Union. On 19 November 1971,
Edwin S. Lanier, then Commissioner of Insurance of North Car-
olina, wrote a letter to the Chairman of the Board of Directors
of National, wherein he indicated feeling that National was
unable to handle certain marketing expenditures without the
financial backing of its companion company, National Liberty
Life Insurance Company, and its owner, National Liberty Cor-
poration, and that he deemed it necessary that "National Home
Life voluntarily agree to cease and desist from writing any fur-
ther business in North Carolina until further notice to the con-
trary in writing from this Department." National has at all
times since this communication from Commissioner Lanier
ceased and desisted from writing accident and health insurance
business in North Carolina. Commissioner Lanier went out of
office on 5 January 1973 without removing the aforesaid cease
and desist request. National knows of no violations of any of
the provisions of the insurance laws of North Carolina and

Commissioner Ingram has not charged formally or informally any violations of the insurance laws of North Carolina committed by National. Respondent Commissioner and his predecessor have issued licenses to National to transact the business of insurance in the State of North Carolina for the period 1 July 1972 through 30 June 1973 and for the period 1 July 1973 through 30 June 1974, with the request that National "is to still cease and desist from writing any further business in North Carolina until written notice to the contrary from this Department." National has repeatedly endeavored to find out what charges, if any, are being made against it by respondent Commissioner but has been unable to do so. There has been unreasonable delay on the part of respondent Commissioner in reaching a final administrative decision as to whether National has in fact violated any provisions of the North Carolina Insurance laws despite many requests made at many meetings and conferences with respondent. Without a final administrative decision by the Commissioner, National is being deprived of its right of appeal and being kept under a restriction of its license without a hearing required by law.

On these allegations in the petition, National prayed the court to issue an order to respondent Commissioner to show cause (1) why respondent should not charge the petitioner with violations of a specific provision of the North Carolina Insurance laws or withdraw the cease and desist request, and if such a charge is made, why respondent should not conduct a hearing on said charge; (2) why the Commissioner should not be enjoined and restrained from placing an illegal restriction upon petitioner's right to do business in North Carolina pending outcome of the hearing; and (3) why the Commissioner should not be restrained and enjoined from delaying having a final administrative hearing more than 20 days from the date of the order to show cause.

On the filing of the foregoing petition on 27 November 1973, Judge Hamilton H. Hobgood entered an order, dated and filed 27 November 1973, directing that respondent Commissioner appear and show cause why (a) the petitioner is not entitled to a prompt hearing in respect to any pending charges against it for violations of the North Carolina Insurance laws; (b) why respondent should not be enjoined and restrained from placing restriction upon the right of the petitioner to do business in North Carolina pending such hearing or appeal, if any; and (c)

Assurance Co. v. Ingram, Comr. of Insurance

why the Commissioner should not be enjoined from delaying having a final administrative hearing and rendering a final administrative decision thereon more than 30 days from the date of the order to show cause.

By consent of the parties the hearing on the show cause order was continued until 21 December 1973 to be heard before Judge James H. Pou Bailey.

On 21 December 1973 respondent Commissioner filed with the court a motion to dismiss this action for failure of the pleading to state a claim upon which relief may be granted, asserting as grounds for the motion that the action is against the Commissioner of Insurance in his official capacity and the State has not waived its immunity to such a suit, and further asserting that petitioner had not exhausted administrative remedies. In this motion, respondent Commissioner also stated opposition to injunctive relief "on grounds of acquiescence, estoppel, and waiver."

The matter came on for hearing before Judge Bailey pursuant to the show cause order on 21 December 1973, at which time the verified petition of the petitioner was treated as an affidavit, and the court heard testimony of a witness presented by respondent Commissioner and received evidence in the form of exhibits introduced by respondent. Among these exhibits were certain letters written by respondent Commissioner or his predecessor in office to officials of National, as follows:

### LETTER DATED 19 NOVEMBER 1971

[After referring to certain losses due to marketing expenditures incurred by National as shown on National's 30 September 1971 Interim Financial Statement, this letter contains the following:]

"[S]ince National Home Life is presently unable to handle such marketing expenditures without the financial backing of its companion Company, namely, National Liberty Life Insurance Company, and its owner, National Liberty Corporation, both of the State of Pennsylvania, but not licensed in the State of North Carolina, *I therefore deem it necessary that:*

"1. National Home Life voluntarily agree to cease and desist from writing any further business in North Carolina

until further notice to the contrary in writing from this Department;

"2. Increase its current $300,000.00 deposit in securities in this State to not less than $500,000.00 for the sole protection of the North Carolina policyholders of National Home Life; *or*

"3. In lieu of the above, and in order that National Home Life may continue to maintain its license in North Carolina, that it reinsure all of its existing business, as well as all future writings, in North Carolina, with an acceptable carrier licensed in this State."

[Respondent's witness King, Deputy Commissioner in charge of Company Operations Division of the Department of Insurance, testified before Judge Bailey that National placed the required deposit in the Insurance Department.]

### LETTER DATED 23 JUNE 1972

"The Renewal License of National Home Life Assurance Company of St. Louis, Missouri for the license period July 1, 1972 through June 30, 1973, is hereby issued under the same circumstances and conditions as set forth in this Department's letter to you of November 19, 1971 and January 1, 1972, *copies of which are attached*."

[There is no copy of the letter referred to above as dated "January 1, 1972" in the record on this appeal.]

### LETTER DATED 11 JULY 1973

"As I indicated to you, license number 1056 was leased [sic] to your Company under the same terms and conditions as were set forth in this Department's letters to you of November 19, 1971 and January 27, 1972 (copies enclosed), that is, National Home Life is to still cease and desist from writing any further business in North Carolina until written notice on [sic] the contrary from this Department."

[There is no copy of the letter referred to above dated "January 27, 1972" in the record on this appeal.]

At the conclusion of the hearing, Judge Bailey entered an order as follows:

"After having examined the verified petition of the petitioner which, for the purpose of this hearing, was

treated as an affidavit; after hearing the witness of the respondent, Mr. George E. King, Deputy Commissioner and Chief Examiner, Company Operations Division, N. C. Insurance Department; and further after hearing argument of counsel and the Court being under the impression that the requests from the Insurance Department to the petitioner in the years 1971, 1972, and 1973, to cease and desist from writing insurance were merely informal requests without the force and effect of law and that subsequent inaction on the part of the petitioner in refraining from writing of insurance in North Carolina, was voluntary; and the court further being under the impression that aforesaid requests are not enforceable legally;

"Now, It Is, THEREFORE, ORDERED, ADJUDGED AND DECREED:

"(1) That all of the requests from the respondent to the petitioner to cease and desist in the years 1971, 1972 and 1973, were merely informal requests without the force and effect of law.

"This the 21st day of December 1973.

> "s/ JAMES H. POU BAILEY
> "Senior Resident Judge"

To the signing and entry of this order, respondent appealed.

*Blanchard, Tucker, Denson & Cline by Charles F. Blanchard and James E. Cline for petitioner appellee.*

*Attorney General Robert Morgan by Assistant Attorney General Charles A. Lloyd for respondent appellant.*

PARKER, Judge.

The order appealed from is interlocutory, does not affect a substantial right of the respondent appellant, and does not otherwise fall within any of the subsections of G.S. 7A-27(d). The appeal is premature and accordingly will be dismissed. 1 Strong, N. C. Index 2d, Appeal and Error, § 6.

The order appealed from contains no findings of fact, no ruling upon the questions sought to be raised by respondent appellant's motion to dismiss, and no direction to respondent to do or to refrain from doing anything. At most, it simply announced

the trial court's conclusion of law, unrelated to any factual finding, "[t]hat all of the requests from the respondent to the petitioner to cease and desist in the years 1971, 1972 and 1973, were merely informal requests without the force and effect of law." If this be considered a declaratory judgment, it still did not affect any substantial right of respondent Commissioner, who was in no way prevented from fully exercising his statutory responsibilities and powers to make examinations, conduct hearings, and, upon proper findings to suspend, revoke or refuse to renew National's license to do business in this State. We further note that G.S. 58-66 provides that the license required of insurance companies continues for the next ensuing twelve months after July first of each year, and the order appealed from, whatever its effect, deals with a matter which for all practical purposes is now moot.

Appeal dismissed.

Judges VAUGHN and CARSON concur.